# EXHIBIT A

**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
08/02/2019 16:58PM
Clerk of the Court

ANTHONY ROBINSON
_____
Plaintiff
vs.

UNITED STATES DEPT OF EDUC
_____
Defendant

Case Number  2019 CA 003345 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jeffrey W. Styles, Esq.
Name of Plaintiff's Attorney

1666 K Street, Northwest, Suite 440
Address
Washington, District of Columbia 20006

(202) 503-1708
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  08/02/2019

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ANTHONY ROBINSON
Vs.                                                                  C.A. No.      2019 CA 003345 B
UNITED STATES DEPARTMENT OF EDUCATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:  May 21, 2019
Initial Conference: 9:30 am, Friday, August 23, 2019
Location:  Courtroom 100
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CAIO-60

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(CIVIL DIVISION)

ANTHONY ROBINSON
1010 Folcroft Lane
Largo, Maryland 20774

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION
400 Maryland Avenue
Washington, District of Columbia 20202

    Defendant.

Case No. 2019 CA 003345 B

## COMPLAINT AND JURY DEMAND

The Plaintiff, Anthony Robinson, files suit against United States Department of Education ("USDE"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA") and the common law tort of defamation.

### PARTIES

2. Plaintiff is a natural person who resides in the state of Maryland. At all times relevant he was a "consumer" as defined by 15 U.S.C. §1681a(c).

3. Defendant USDE is headquartered in the District of Columbia. It provides and/or guarantees student loans throughout the United States, including the District of Columbia.

### FACTUAL ALLEGATIONS

4. In January 2018, Mr. Robinson viewed his credit reports and observed that USDE was reporting up to five student loan accounts.

5. The credit reports were inaccurate because Mr. Robinson did not have a student loan account with USDE, let alone five different accounts.

1

6. In May and June 2018, Mr. Robinson disputed the USDE student loan accounts with each of the credit reporting agencies (CRAs) – Equifax, Experian and Trans Union.

7. In his dispute letter, Mr. Robinson stated that he "did not open or authorize the creation of these accounts." Mr. Robinson apprised the CRAs that these same student loan accounts had been disputed before and removed. Then, he advised the CRAs to contact his daughter, LaKeisha Robinson, to investigate who opened the accounts. Mr. Robinson also suggested that the CRAs specifically ask USDE how it was able to verify that he opened the account. In support of his dispute, Mr. Robinson included a copy of police report wherein he swore the student loan accounts were fraudulent and the result of identity theft.

8. Each of the CRAs forwarded Mr. Robinson's dispute to USDE.

9. USDE did not investigate Mr. Robinson's dispute. Instead, USDE just instructed the CRAs to continue reporting the student loan debts as belong to Mr. Robinson.

10. Despite USDE's instructions to continue reporting the accounts, both Equifax and Experian blocked the USDE accounts from appearing on Mr. Robinson's credit reports.

11. Trans Union either did not block the USDE account from Mr. Robinson's report or initially blocked it and then added it back to Mr. Robinson's report.

12. Credit reports containing the false USDE student loan accounts were prepared and published to third parties.

**COUNT TWO: VIOLATION OF FCRA**

13. Plaintiff incorporates paragraphs 1 through 12.

14. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendant USDE violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

15. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendant USDE violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) by

failing to review all relevant information provided by the CRAs.

16. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendant USDE violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(C)-(E) by failing to accurately report the results of its investigation, including reporting the debt as disputed.

17. As a result of this conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: out-of-pocket and/or pecuniary costs, credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

18. Defendants' conduct, actions and inactions were negligent, rendering Defendant liable for actual damages, costs and attorney's fees pursuant to 15 U.S.C. §1681o.

## COUNT TWO: DEFAMATION

19. Plaintiff incorporates paragraphs 1 through 18.

20. Defendant intentionally and maliciously made false statements publicly about Plaintiff's credit history. Defendant USDE made false statements to the CRAs and those statements were furnished to creditors or potential creditors of Plaintiff.

21. USDE's own records clearly demonstrated that the loans did not belong to Plaintiff.

22. Despite knowing the Plaintiff did not open the account and that he did not owe a debt to it, USDE published that Plaintiff was indebted and/or delinquent on his debt payments to USDE. The statements were defamatory in tending to injure the Plaintiff's credit profile and credit reputation in the financial community, as it impugned him to be financially irresponsible when in fact Plaintiff had no obligation to pay USDE.

23. In its publications or reporting to the CRAs, Defendant USDE knowingly made the aforementioned false and defamatory statements about Plaintiff as a collection tactic to coerce Plaintiff into paying USDE.

24. Defendant USDE published this false and defamatory publication to the CRAs, who

reasonably understood this publication to be defamatory.

25. Defendant USDE knew the CRAs would publish the false and defamatory publication to other creditors and users of Plaintiff's credit report.

26. Defendant USDE acted with knowledge of the falsity of the statements and with the intent to frustrate and break the will of the Plaintiff. USDE intended to harm the Plaintiff's chances of obtaining credit when instructing the CRAs to report the erroneous and derogatory credit information about the Plaintiff.

27. Defendant's false statements were published without a privilege.

28. As a result of the false and defamatory statements published by Defendant, the character and financial reputation of the Plaintiff was harmed, his standing and reputation in the financial and credit community were impaired, and he suffered mental anguish.

29. As a direct and proximate result of the false and defamatory credit reporting published by Defendant, Plaintiff's credit score and credit profiles was injured, thereby suffering a loss of prospective credit

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

ANTHONY ROBINSON

/s/ Jeffrey W. Styles
Jeffrey W. Styles, Bar. No. 475264
WASHINGTON LEGAL GROUP, LLC
1666 K Street, N.W., Suite 440
Washington, DC 20006
Tel: (202) 503-1708
jstyles@washlegal.com

*Attorney for Plaintiff*