UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY ROBINSON,
       Plaintiff,

   v.

U.S. DEPARTMENT OF EDUCATION,
       Defendant.

Civil Action No. 20-1482 (CKK)

**MEMORANDUM OPINION**
(November 11, 2020)

In this case, Mr. Anthony Robinson ("Plaintiff") asserts a single claim against the United States Department of Education ("USDE") under the Fair Credit Reporting Act ("FCRA"). USDE, however, has moved to dismiss Plaintiff's claim because of the preclusive effect of a prior judgment rendered against Plaintiff in *Robinson v. United States Dep't of Educ.*, 917 F.3d 799 (4th Cir. 2019) ("*Robinson I*"). Upon consideration of the briefing, the relevant authorities, and the record as a whole,[1] the Court agrees with USDE that the preclusive effect of *Robinson I* binds Plaintiff and merits the dismissal of his present FCRA claim for lack of subject-matter jurisdiction. As such, the Court will **DISMISS** Plaintiff's Amended Complaint **WITH PREJUDICE**.

---

[1] The Court's consideration has focused on the following briefing and material submitted by the parties:
- Not. of Removal, ECF No. 1;
- Am. Compl., ECF No. 7;
- Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mot."), ECF No. 8–1;
- Pl.'s Cross-Mot. for Summ. J. and Resp. to Def.'s Mot. ("Pl.'s Opp'n"), ECF No. 10;
- Def.'s Reply in Supp. of Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. for Summ. J. ("Def.'s Reply"), ECF No. 13;
- Pl.'s Reply to Def.'s Reply and Mot. to Strike, or in the Alternative, for Leave to File Sur-Reply ("Pl.'s Reply"), ECF No. 17; and
- Pl.'s Sur-Reply, ECF No. 21.

1

## I.  BACKGROUND

**A.  Robinson I**

On December 2, 2014, Plaintiff filed *Robinson I* in the Circuit Court for Prince George's County, Maryland, against USDE, the Pennsylvania Higher Education Assistance Agency ("PHEAA"), and Equifax, Experian, and TransUnion, LLC (collectively, the "Credit Reporting Agencies"). *See* Def.'s Mot. at 5 (citing *Robinson v. Pennsylvania Higher Education Assistance Agency et al.*, No. CAL-14-32388). On January 9, 2015, *Robinson I* was removed to the District Court for the District of Maryland, where Plaintiff then amended his complaint on June 3, 2015. *See generally* Def.'s Mot., Ex. A (*Robinson I* Am. Compl.). In that amended complaint, Plaintiff alleged that federal student loan accounts with USDE were opened in his name without his authorization. *See id.* ¶¶ 3, 8–9. Plaintiff further alleged that USDE and PHEAA failed to adequately investigate these disputed loan accounts and, instead, instructed the Credit Reporting Agencies to report Plaintiff's responsibility for the accounts. *See id.* ¶¶ 10–13. On the basis of this alleged conduct, Plaintiff argued that USDE had violated § 1681s-2(b) of FCRA and was, therefore, liable for damages under that statute. *See id.* ¶¶ 26–31.

On June 12, 2015, USDE moved to dismiss Plaintiff's FCRA claim, arguing that the agency's sovereign immunity against such a claim deprived the Maryland district court of subject-matter jurisdiction. *See Robinson v. Pennsylvania Higher Educ. Assistance Agency, et al.*, No. GJH-15-0079, 2017 WL 1277429, at *1–2 (D. Md. Apr. 3, 2017). In addressing this argument, the Maryland district court first acknowledged "the guiding principle that . . . 'the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Id.* at *3 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The court

further explained that a "waiver of sovereign immunity 'must be unequivocally expressed in statutory text . . . and will not be implied.'" *Robinson*, 2017 WL 1277429, at *1–2 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Within this framework, the Maryland district court concluded that FCRA "do[es] not contain a clear and unequivocal waiver of sovereign immunity," and, as such, it dismissed Plaintiff's FCRA claim against USDE for lack of subject matter jurisdiction. *Robinson*, 2017 WL 1277429, at *4.

Plaintiff subsequently appealed the Maryland district court's dismissal order to the United States Court of Appeals for the Fourth Circuit. *See Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 800 (4th Cir. 2019). Therein, the Fourth Circuit made clear that "[t]he only question presented on appeal [wa]s whether the United States has waived sovereign immunity for suits alleging that the federal government willfully or negligently violated FCRA." *Robinson*, 917 F.3d at 801. Upon review of FCRA, the Fourth Circuit concluded that the statute's "text and structure make clear that no unambiguous and unequivocal waiver of sovereign immunity has taken place," and, therefore, USDE remains immune from claims under FCRA. *Id.* at 806. Accordingly, the Fourth Circuit affirmed the Maryland district court's dismissal of Plaintiff's FCRA claim against USDE for lack of subject-matter jurisdiction. *Id.* at 807. Ultimately, the Supreme Court denied *certiorari* in *Robinson I* on April 20, 2020. *See Robinson v. Dep't of Educ.*, 140 S. Ct. 1440 (2020).

**B.  Robinson II**

On May 20, 2019, shortly after the Fourth Circuit's March 6, 2019 decision in *Robinson I*, Plaintiff filed another civil action against USDE in the Superior Court of the District of Columbia, captioned *Robinson v. United States Dep't of Educ.*, No. 2019-CA-003345-B ("*Robinson II*"). *See* Compl., ECF No. 1-1. USDE removed *Robinson II* to this Court on June 5, 2020, *see* Not. of

3

Removal, ECF No. 1, and Plaintiff eventually amended his complaint on July 31, 2020, *see* Am. Compl., ECF No. 7.

In the Amended Complaint, Plaintiff now alleges, as he did in *Robinson I*, that USDE reported to the Credit Reporting Agencies that Plaintiff was responsible for federal student loan accounts that Plaintiff had not authorized. *See* Am. Compl. ¶¶ 10–16. Plaintiff further alleges that he disputed these USDE loan accounts, but that USDE failed to adequately investigate the disputed accounts and continued to report to the Credit Reporting Agencies that the disputed accounts belonged to Plaintiff. *See id.* ¶¶ 16–21. On the basis of these allegations, Plaintiff asserts, for a second time, that USDE violated § 1681s-2(b) of FCRA and, accordingly, presents a claim for damages against the agency under FCRA. *See id.* ¶¶ 30–35. USDE has now moved to dismiss Plaintiff's FCRA claim in *Robinson II*, in part, because of the preclusive effect of the judgment in *Robinson I*. *See* Def.'s Mot. at 5–9; Def.'s Reply at 4–11. USDE's motion is now ripe for review.

## II.     LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject-matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) ("We review here a decision granting a motion to dismiss, and therefore must accept as true all the factual allegations in the complaint."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced in the record.'" (internal citations omitted) (quoting *Mineta*, 333 F.3d at 198)).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. United States Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)), *aff'd*, 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint."

*Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks omitted) (quoting *Papasam v. Allain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

In brief, the viability of Plaintiff's present claim turns on whether FCRA effectuates a waiver of USDE's sovereign immunity. Plaintiff recently litigated this precise issue in *Robinson I*, wherein the Fourth Circuit concluded that FCRA *does not* waive USDE's sovereign immunity. For the reasons set forth below, Plaintiff is bound by the issue preclusive effect of the *Robinson I* judgment and this Court must, therefore, **DISMISS** Plaintiff's FCRA claim for lack of subject-matter jurisdiction.

### A. The Court May Properly Consider The Doctrine Of Issue Preclusion

As an initial matter, the parties dispute the Court's ability to consider the issue preclusive effect of the judgment in *Robinson I*. This dispute has arisen because, while USDE asserted a *claim* preclusion defense in its motion to dismiss, *see* Def.'s Mot. at 4–9, it only asserted the defense of *issue* preclusion for the first time its reply brief, *see* Def.'s Reply at 10–11; *see also Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 436 F. Supp. 3d 70, 81 n.6 (D.D.C. 2020) ("[R]es judicata includes two preclusive doctrines—claim preclusion and issue preclusion."). In response, Plaintiff has lamented USDE's failure to raise the defense of issue preclusion in its initial motion and has requested that the Court now strike that argument altogether. *See* Pl.'s Reply at 1–2.

Regardless of this procedural dispute, the Court may properly consider the issue preclusive effect of the *Robinson I* judgment on Plaintiff's present FCRA claim. "[I]ssue preclusion 'belongs to courts as well as to litigants,'" and, therefore, "'even a party's forfeiture of the right to assert it . . . does not destroy a court's ability to consider the issue sua sponte.'" *Scahill v. District of Columbia*, 271 F. Supp. 3d 216, 225 (D.D.C. 2017), *aff'd*, 909 F.3d 1177 (D.C. Cir. 2018) (quoting

*Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)).  Indeed, courts rely on the issue preclusion doctrine "to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  Moreover, in this case, Plaintiff was plainly on notice that the issue preclusive effect of the *Robinson I* judgment was potentially dispositive of his FCRA claim against USDE.  *See* Def.'s Reply at 10–11.  The Court specifically granted Plaintiff leave to file a sur-reply brief for the express purpose of permitting Plaintiff another opportunity to address the issues of res judicata in this case.  *See* Minute Order (Oct. 21, 2020).  For these reasons, the Court finds no impediment to its ability to now consider the issue preclusive effect of the *Robinson I* judgment in this case and will do so herein.

**B.  The Doctrine Of Issue Preclusion Merits Dismissal**

Plaintiff's Amended Complaint now asserts a single FCRA claim for damages against USDE.  *See* Am. Compl. ¶¶ 30–35.  But as a federal agency, USDE is "immune from suit, unless sovereign immunity has been waived."  *Allen v. U.S. Dep't of Educ.*, 755 F. Supp. 2d 122, 124 (D.D.C. 2010) (quoting *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).  And "[b]ecause sovereign immunity is jurisdictional in nature, [the Court] must assure [itself] that [Plaintiff's] claim[] fall[s] within a valid waiver of sovereign immunity before allowing the suit to proceed."  *Sierra Club v. Wheeler*, 956 F.3d 612, 616 (D.C. Cir. 2020) (quotation omitted).

On this point, USDE argues that the Court need not decide the issue of sovereign immunity anew, because Plaintiff is bound by the prior judgment in *Robinson I*, which found no waiver of sovereign immunity under FCRA.  *See* Def.'s Reply at 10–11.  Relevant here, the doctrine of issue preclusion specifically bars "successive litigation of an issue of fact or law actually litigated and

resolved in a . . . prior judgment." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49, (2001)).  Issue preclusion applies where three elements are present: "(1) the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case," (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Amer. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).

Each of these elements of issue preclusion exist in this case, as it applies to the question of USDE's sovereign immunity under FCRA litigated in *Robinson I*.  First, the sovereign immunity issue litigated by Plaintiff and USDE in *Robinson I* is the same issue presently litigated by those two parties here in *Robinson II*.  In this case, Plaintiff asserts a claim for damages against USDE for a violation of its obligations under § 1681s-2(b) of FCRA, *see* Am. Compl. ¶¶30–35, and argues that FCRA permits such a claim because the statute has waived the agency's sovereign immunity, *see id.* ¶ 2.  Plaintiff's current opposition brief crystallizes this point:

> In its motion to dismiss, USDE argues that the Court lacks subject matter jurisdiction over Plaintiff's claims under the Fair Credit Reporting Act ("FCRA") because the FCRA contains no express waiver of sovereign immunity. Defendant's argument must fail for the statutory language in the FCRA clearly and unambiguously waives sovereign immunity for the federal government, including governmental agencies such as USDE.

Pl.'s Opp'n at 7.  But in *Robinson I*, the Fourth Circuit addressed this precise question and held that Plaintiff *could not* sue USDE under FCRA, because "FCRA's text and structure make clear that no unambiguous and unequivocal waiver of [USDE's] sovereign immunity has taken place." *Robinson*, 917 F.3d at 806.  Specifically, the Fourth Circuit explained that while FCRA creates a cause of action against any "person" who negligently or willfully violates FCRA, *see* 15 U.S.C.

8

§§ 1681n & 1681o, the term "person" in the statute does not comprise the United States and, therefore, does not effectuate a waiver of the federal government's traditional sovereign immunity against civil actions, *see Robinson*, 917 F.3d at 802–06.  This sovereign immunity analysis is squarely the "same" legal issue now before this Court in *Robinson II*.

Second, the issue of USDE's sovereign immunity under FCRA was "actually and necessarily determined by a court of competent jurisdiction" in *Robinson I*.  *Martin*, 488 F.3d at 454.  In the first instance, the Maryland district court in *Robinson I* expressly dismissed Plaintiff's FCRA claim against USDE after the court held that FCRA "do[es] not contain a clear and unequivocal waiver of sovereign immunity," leaving the court "without subject matter jurisdiction."  *Robinson*, 2017 WL 1277429, at *4.  Plaintiff then appealed this decision to the Fourth Circuit, which made clear that "[t]he only question presented on appeal [wa]s whether the United States has waived sovereign immunity for suits alleging that the federal government willfully or negligently violated FCRA."  *Robinson*, 917 F.3d at 801.  In addressing this question, the Fourth Circuit expressly held that FCRA did not effect a waiver of USDE's sovereign immunity and, therefore, the Fourth Circuit affirmed the Maryland district court's dismissal of Plaintiff's FCRA claim for want of subject-matter jurisdiction.  *Id.* at 806.  Given these clear decisions from the Maryland district court and the Fourth Circuit, this Court finds that the issue of USDE's sovereign immunity under FCRA was actually and necessarily adjudicated by a court of competent jurisdiction in *Robinson I*.

Finally, precluding Plaintiff from relitigating the question of USDE's sovereign immunity in this case (*Robinson II*) does "not work a basic unfairness to [Plaintiff]." *Martin*, 488 F.3d at 454.  Whether issue preclusion works some unfairness upon a party turns primarily on whether "the losing party clearly lacked any incentive to litigate the point" at issue in the earlier case.

9

*Canonsburg Gen. Hosp. v. Sebelius*, 989 F. Supp. 2d 8, 19 (D.D.C. 2013) (quotation omitted), *aff'd sub nom. Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295 (D.C. Cir. 2015). Courts evaluating the fairness of preclusion also consider whether the "prior proceedings were seriously defective." *Martin*, 488 F.3d at 455.

Neither concern is present in this case. As noted above, Plaintiff fully litigated in *Robinson I* the issue of whether FCRA waived USDE's sovereign immunity both before the Maryland district court and then again before the Fourth Circuit. And importantly, the sovereign immunity issue in *Robinson I* presented a dispositive jurisdictional bar to Plaintiff's FCRA claim against USDE. *See Robinson*, 917 F.3d at 806. Accordingly, Plaintiff had every incentive to forcefully litigate the sovereign immunity issue in *Robinson I* to protect the viability of his FCRA claim against USDE, *see Scahill v. District of Columbia*, 909 F.3d 1177, 1182 (D.C. Cir. 2018), and did so to conclusion before both a federal district court and a federal court of appeals, *see Robinson*, 917 F.3d at 806. As such, requiring Plaintiff to adhere to the issue preclusive effect of the *Robinson I* judgment does not create any basic unfairness. *See Venetian Casino Resort, LLC v. NLRB*, 484 F.3d 601, 610 (D.C. Cir. 2007) (finding no unfairness where the court could "discern no difference between the incentives that the [plaintiff] may have had in its Ninth Circuit litigation and its incentives here. The stakes in its attempt before that court were no less than they are now.")

Relatedly, the Court disagrees with Plaintiff's argument that it would be unfair to preclude re-litigation of the sovereign immunity issue in *Robinson II* because the D.C. Circuit has not yet ruled on the matter. *See* Pl.'s Sur-Reply at 1–2. At bottom, this argument advances an untenable position in favor of forum-shopping. In *Robinson I*, Plaintiff fully litigated the question of whether FCRA waived USDE's sovereign immunity, and, on March 6, 2019, Plaintiff received a squarely adverse decision from the Fourth Circuit on that legal issue. *Robinson*, 917 F.3d at 806. Plaintiff

then promptly filed *Robinson II* in this jurisdiction on May 20, 2019, reasserting another FCRA claim against USDE and specifically alleging in his pleadings that the Fourth Circuit was wrong to conclude that the federal government was immune to such FCRA claims.  *See* Am. Compl. ¶ 4. But, of course, Plaintiff himself litigated that Fourth Circuit case and now simply seeks an opportunity to relitigate the same issue of sovereign immunity in a new court to a different result. Plaintiff is not entitled to such a second-bite at the apple, nor is he permitted to relitigate identical legal issues against the same party in various jurisdictions until he finds a favorable forum.  *See Canonsburg Gen. Hosp.*, 989 F. Supp. 2d at 18 ("[T]he plaintiff has already had its day in court on the identical issue and, having lost, is trying to get the proverbial second bite at the apple."). Preventing this type of forum-shopping is precisely the purpose of the res judicata doctrines, including issue preclusion.  *See Hardison*, 655 F.2d at 1288.

## IV.    CONCLUSION

For the reasons set forth above, the Court finds that the judgment in *Robinson I* has issue preclusive effect in this case.  Applying the *Robinson I* judgment to the case at bar, the Court concludes that FCRA does not waive USDE's sovereign immunity.  *See Robinson*, 917 F.3d at 806.  Absent such a waiver, this Court lacks subject-matter jurisdiction over Plaintiff's FCRA claim.  *See Sierra Club*, 956 F.3d at 616.  The Court, therefore, **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

**Date**: November 11, 2020                                           /s/
                                                                                COLLEEN KOLLAR-KOTELLY
                                                                                United States District Judge